IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY FAILS,
    Plaintiff,

vs.                                                 3:09cv33/MCR/MD

JUDGE NICHOLAS GEEKER
    Defendant.

---

ORDER and
<u>REPORT AND RECOMMENDATION</u>

      This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint, motion for consideration, and motion for appointment of counsel (doc. 1, 3, & 4). Leave to proceed *in forma pauperis* was granted by separate order entered on this date and no initial partial filing fee was assessed.[1]

      Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an

---

[1] The court ruled on plaintiff's motion and assessed no initial partial filing fee although plaintiff had failed to file a printout of his inmate trust account statement because the certificate completed by the institution official reflected no deposits over the past six months.

indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682, 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282 (11th Cir. 2008); *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1973 n.14, 167 L.Ed.2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46, 78 S.Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. *Cockrell v. Sparks*, 510 F.3d

1307, 1310 (11th Cir. 2007) (citing *Hall v. United Ins. Co. Of Am.,* 367 F.3d 1255, 1263 (11th Cir. 2004)).  Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff alleges that Escambia County Circuit Judge Nicholas Geeker violated his Fourth Amendment rights, depriving him of life, liberty and property without due process, and violating his rights to equal protection.  Judge Geeker was apparently the presiding judge in criminal proceedings against the plaintiff.  Plaintiff contends that the judge "initiated criminal charges against him in bad faith," instructed the jury on an uncharged offense for which there was no evidence, imposed a legally improper sentence, and denied plaintiff's motions in bad faith.  Plaintiff seeks $20,000,000 in damages for mental anguish, emotional distress, humiliation, pain and suffering from several suicide attempts, despair and unlawful incarceration.[2]

Judges acting in their judicial capacity are absolutely immune from damages suits. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.")(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S.Ct. 2806, 2815-16, 86 L.Ed.2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *see also Sibley v. Lando*, 437 F.3d 1067,1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Sibley*, 437 F.3d at1070.  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  *Id*. (quoting *Bolin v. Story*, 225 F.3d

---

[2]Plaintiff failed to properly fill out the complaint form with information about his litigation history. Ordinarily, he would be required to file an amended complaint, truthfully and completely providing the information requested. However, because this case is clearly subject to dismissal regardless, it would not be a wise use of judicial resources to require plaintiff to do so at this time.

1234, 1239 (11th Cir. 2000)); *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288 (judicial immunity not overcome by allegations of bad faith or malice). Furthermore, the immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). *Sibley*, 437 F.3d at 1070. Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1871)); *Mireles*, 502 U.S. at 11, 112 S.Ct. at 288; *Forrester v. White*, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988); *Dykes*, 776 F.2d at 948 (judge who has subject matter jurisdiction, but no personal jurisdiction retains immunity) (citing cases in accord). Clearly, the actions of which plaintiff complains are actions for which Judge Geeker is protected by the cloak of judicial immunity. Thus, plaintiff fails to state a claim.

In addition, to the extent plaintiff seeks to challenge the underlying conviction in the case over which Judge Geeker presided, this is not the appropriate forum in which to do so. Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the plaintiff's claim should be dismissed. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. Such actions would include those in which the plaintiff seeks damages directly attributable to his conviction or confinement, plaintiff must negate an element of the offense of which he has been convicted in order to prevail, or plaintiff contends that the statute under which he was convicted is unconstitutional. *Id.; Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003); cf. *Porter v. White*, 438 F.3d 1294 (11th Cir. 2007) (plaintiff brought § 1983 action after criminal conviction was overturned due to *Brady* violation).

*Case No: 3:09cv33/MCR/MD*

Absent such an invalidation, the section 1983 suit must be dismissed. *Heck*, 512 U.S. at 486-487, 114 S.Ct. at 2372; see also *Harden v. Pataki,* 320 F.3d 1289, 1295 (11th Cir. 2003); *Hughes,* 350 F.3d at 1160. Clearly, plaintiff's underlying conviction has not been invalidated, and to the extent this action calls that conviction into question, this provides another basis for dismissal.

Accordingly, it is ORDERED:

Plaintiff's motion for consideration (doc. 3) is GRANTED.

Plaintiff's motion for appointment of counsel (doc. 4) is DENIED as moot in light of the findings within this recommendation.

And it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 28th day of January, 2009.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:09cv33/MCR/MD*